CLEVELAND GRAIN & GROCERY CO. *v.* HENDRICKS.[*]

(Division B. Nov. 28, 1927. Suggestion of Error Overruled Dec. 12, 1927.)

[115 So. 114. No. 26647.]

1. PROCESS. *Deputy sheriff other than one signing return to garnishment may testify that he served the writ on cashier of garnished bank.*

Where a writ of garnishment was sued out and the sheriff made return that it had been executed personally, such return being signed by the sheriff by W. B. M., D. S., and where no answer was filed to the writ, and judgment was taken at the return term, and, after the adjournment of such term, the garnishee attacks the return as being false, it is permissible for the judgment creditor to show by another deputy sheriff that the writ

was in fact served by such deputy upon the cashier of the bank, the statute in such case requiring the return to be signed with the sheriff's name by the deputy sheriff, if served by one, and the witness not having made the return is not incompetent to testify in reference thereto.

2. GARNISHMENT. *On attack on return of service of garnishment, court is concerned particularly with whether writ was served on garnishee by sheriff or lawful deputy; judgment, based on garnishment served by sheriff, or lawful deputy, is valid, although return was not properly made.*

On such an issue, the court is concerned particularly with whether the writ was served upon the garnishee by the sheriff or a lawful deputy, and, if it was in fact served, the judgment will be valid, although the return was not properly made.

---

*Corpus Juris-Cyc. References: Garnishment, 28CJ, p. 236, n. 38 New.

APPEAL from circuit court of Bolivar county, Second district.

HON. W. A. ALCORN, JR., Judge.

Action by the Cleveland Grain & Grocery Company against J. W. Hendricks, in which the Bolivar County Bank was garnished. Judgment for plaintiff against defendant and the garnishee. From a judgment setting the judgment aside as to the garnishee, plaintiff appeals. Reversed and remanded.

*Somerville & Somerville,* for appellant.

The rendition of final judgment discharging the garnishee, the Bolivar County Bank, appears to be in direct conflict with the provision of the Code on this subject. Section 3157, Hemingway's Code 1927.

Officer may explain service. We think the learned court below misconstrued section 3156, Hemingway's Code 1927, and if so we ask that the case be reversed in order that it may be tried anew. The issue was whether or not the process had been served on Mr. Rea. The statute, as we read it, is merely a statement of the Rule of Law that an officer cannot impeach his own certificate.

It might be said that the statute did prevent Mr. Morley from testifying that he did not personally deliver a copy of the writ, but signed the return upon the strength of the service by another deputy. But the decision of the learned court below has construed this statute to mean just exactly what the legislature did not intend. In other words, the learned court below refused to permit the appellant to show that the writ was actually served by Mr. Bryant merely because Mr. Bryant was a deputy sheriff. The statute, we submit, was never intended to prohibit officers from testifying that writs were served. We do not cite any cases just here but will cite them later on in this brief and in connection with the decisions about the return on the writ.

The return was sufficient. This appeal presents this question, namely, it is proper for one deputy sheriff to serve a writ and another deputy to sign the return where both deputies are acting for and on behalf of the sheriff. In other words granting that Mr. Bryant served the copy of the writ on Mr. Rea and that Mr. Morley signed the return, is that sufficient for the court to gain jurisdiction and render a judgment by default where each of the deputies were acting in the name of the sheriff, the principal. In other words everything connected with the record was admittedly correct except that one deputy sheriff served the writ and another signed the return, but all of it was done in the name of the sheriff. In other words, the wrong signature was on the return in so far as the deputy sheriff was concerned. See 21 R. C. L., pp. 1316-17, sec. 64.

The opposing Counsel lay great stress on the decisions holding that the return of a deputy sheriff in his name is void. These decisions were cited to the learned court below in the trial of this case. We submit that these decisions have nothing whatever to do with the present case. If either Mr. Morley or Mr. Bryant had made the return and simply signed it "W. B. Morley, Deputy Sheriff," or "W. E. Bryant, Deputy Sheriff," then the

decisions heretofore relied upon by the appellee would be applicable. We believe however, that the rule in this case is that as laid down by the Kansas Court in *Goddard* v. *Harbour,* 56 Kan. 744, 44 Pac. 1055, 54 A. S. R. 608, which see. See, also *Gibbens* v. *Pickett,* 31 Fla. 147, 12 So. 17.

This court held in *Dorsey* v. *Pierce,* 5 How. 173, that the return of the sheriff could not be amended after final judgment and adjournment of the term of court. It appears that this rule has been somewhat changed by *Lupkin* v. *Russell,* 67 So. 185, where this court held that pending an appeal the return may be amended. In this case no appeal was taken and as we see it there was no authority to amend the return or change the record. The only question in the case as we see it is whether or not the circuit court had jurisdiction by virtue of a deputy sheriff serving the writ on the cashier of the garnishee bank. In this instance the appellant was not permitted to introduce proof to show that the writ was actually served. If a defendant is to be permitted at any time to testify that he was not served and the officer cannot testify that the writ was served then we are indeed in a bad way. See *Duncan* v. *Gerdine,* 59 Miss. 550, in this connection.

*Sillers & Pearson* and *Green, Green & Potter,* for appellee.

If Bryant proposed to testify that he and not Morley served the writ, then such evidence would be incompetent, as contradicting the return in writing required to be made by the statute; to have rendered such evidence competent it would have been necessary to have amended the return on the writ to show that it was served by Bryant, and not by Morley, but no amendment was made, and it could not have been made because the term had expired at which the judgment was rendered, and appellant's brief admits that no amendment could be made, as held in *Dorsey* v. *Pierce,* 5 How. 173; *Lupkin* v. *Russell,* 67 So.

185; *Hughes* v. *Lopice,* 5 S. & M. 451; Sec. 3156, Heming-way's Code 1927. A motion to quash the writ is the proper practice. *Meyer* v. *Whitehead,* 62 Miss. 387.

Section 3157, Hemingway's Code 1927, has no application to a writ of garnishment; it is by express terms confined to ''the summons or citation, or the service thereof.'' A summons or citation is a very different writ from a writ of garnishment. *Williams* v. *Gage,* 49 Miss. 777; Sec. 2059, Hemingway's Code 1927; 28 C. J., p. 363; *Goddard* v. *Harbour,* 56 Kan. 744 and *Gibbens* v. *Pickett,* 31 Fla. 147, are not applicable. It is to be noted that counsel does not cite, nor undertake to meet sections 3138, 3290 and 3286, Hemingway's Code 1927, which are the controlling statutes in this case. *Stone* v. *Montgomery,* 35 Miss. 83, cited, supports the proposition we contend for; so does *Dunkin* v. *Gerdine,* 59 Miss. 557. See, also, *Dogan* v. *Barnes,* 76 Miss. 566.; *Betts* v. *Baxter,* 58 Miss. 329; *Heirman* v. *Stricklin,* 60 Miss. 234, and *Moore* v. *Hoskins,* 66 Miss. 496. *Meyer* v. *Whitehead,* 62 Miss. 387, and *Kelley* v. *Harrison,* 69 Miss. 856, were not cases of garnishment, but ordinary suits pending on defective service of summons, and hence the rule as to garnishments did not apply. For a full general review of the *status* of sheriff's returns, see 21 R. C. L., p. 1315.

Ethridge, J., delivered the opinion of the court.

The Cleveland Grain and Grocery Company sued J. W. Hendricks in the circuit court, and obtained a judgment for three hundred thirty-six dollars and eighty-one cents. A suggestion of indebtedness was filed with the clerk, with an application for a writ of garnishment against the Bolivar County Bank, which writ of garnishment was issued and purported to have been served, the return on the writ being as follows:

''I have this day executed the within writ personally by delivering to the within named defendant, R. W. Ray, cashier of the Bolivar County Bank, a true copy of this

writ. This the 12th day of May, 1925. V. W. Thomas, Sheriff, By W. B. Morley, D. S.''

And on the writ and return so taken, no answer having been filed by the bank, a judgment against the bank was rendered for the amount of the judgment against Hendricks, and the term of court adjourned.

In November, 1926, after said judgment, the bank filed its motion to set aside the said judgment, and to be discharged, because, in fact, it had not been served with a garnishment by any person whatever, and that said judgment so rendered should be vacated and set aside.

Mr. Ray, the cashier of the bank, testified that he had never been served with copy of the writ by any officer, and that the return, made as above set out, was a false return. The plaintiff in the judgment sought to prove by W. E. Bryant, another deputy sheriff, that the said Bryant did in fact serve Mr. Ray with the writ of garnishment in question, but objection was made on the ground that so to do would be to permit Bryant, who was a deputy sheriff, to contradict the return made on the writ by W. B. Morley, another deputy sheriff.

It appears that Morley was the office deputy of the Rosedale office of the sheriff, and that Bryant was the outdoor deputy who served processes of this kind; that Morley made the return on the writ instead of Bryant, who served the writ.

The court sustained the objection to Mr. Bryant so testifying, on the ground that so to do would be to impeach the return of the sheriff. On cross-examination Mr. Bryant was asked if Mr. Morley served the process upon the cashier, Mr. Ray, which was objected to, on the ground that it would impeach the return, but the court permitted the witness to answer that Mr. Morley did not serve the process.

We think the court was in error in excluding Mr. Bryant's testimony and in not making an issue for the jury to try as to whether the bank had been in fact served with process. The return was not made by Mr. Bryant.

The statute in such case requires that the sheriff's name be signed to the return; also that the name of the deputy who serves it be signed thereto. Mr. Bryant did not make the return, and further than that, the return showed that the process was actually served, although purporting to be served by Mr. Morley. If the process was in fact served upon the bank through its cashier, it would be a valid service, although the return purported to show that Morley, instead of Bryant, made the service of the process. Of course, it is possible that two deputies may serve the same defendant with process. Mr. Bryant was competent to show that the process was served, and the court should have permitted the testimony to be intro-duced. On an issue of this kind the court is concerned with the question whether process has in fact been served. Of course, Mr. Morley would not be permitted himself to contradict his return, except by motion, duly made at the proper time, to correct the return, if it had been made by mistake.

The judgment of the court below setting aside the judgment will be reversed, and the cause remanded for a trial of the issue as to whether the writ was in fact served upon the bank.

*Reversed and remanded.*